IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GRACIELA MONTOYA, | § | |
| Reg. No. 44980-013, | § | |
|    Movant, | § | |
| | § | EP-20-CV-52-KC |
| v. | § | EP-18-CR-2867-KC-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|    Respondent. | § | |

## MEMORANDUM OPINION AND ORDER
## VACATING AND REINSTATING A JUDGMENT IN A CRIMINAL CASE AND
## DISMISSING MOVANT'S MOTION UNDER 28 U.S.C. § 2255

Graciela Montoya challenges her sentence through a motion under 28 U.S.C. § 2255. Mot. to Vacate, ECF No. 252.[1]  Montoya claims, among other things, that her appointed counsel provided constitutionally ineffective assistance when he failed to file a notice of appeal. Mem. in Supp., ECF No. 253, p. 36–39.  After reviewing the record and for the reasons discussed below, the Court will vacate and reinstate the judgment in Montoya's criminal case, EP-18-CR-2867-KC-1, recommencing the fourteen-day period for her to file a timely notice of appeal.  The Court will additionally dismiss Montoya's § 2255 motion without prejudice.

### BACKGROUND AND PROCEDURAL HISTORY

In October 2017, Drug Enforcement Administration (DEA) agents in El Paso, Texas, obtained information from a confidential source about a drug trafficker operating across the border in Juarez, Mexico.  *See* Plea Agreement (Factual Basis), ECF No. 156 (providing a more complete summary of the facts).  A DEA undercover agent subsequently contacted the trafficker and arranged to purchase methamphetamine.

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-18-CR-2867-KC-1.  Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

On October 30, 2017, the undercover agent learned that the Mexican trafficker had successfully crossed the methamphetamine into the United States from Mexico. He telephoned a drug courier who worked for the trafficker in the United States—co-defendant and Montoya's husband Nicholas Montoya—but Montoya answered. He arranged to meet her at a Taco Cabana in El Paso to purchase the methamphetamine. He encountered both Montoya and her husband outside the restaurant. He watched Montoya recover two bundles from inside a tire in the trunk of her car. He paid her husband $9,000 for two bundles which contained 1,360.5 grams of 97.4 percent pure crystal methamphetamine.

On December 4, 2017, the undercover agent arranged to purchase more methamphetamine from the Mexican trafficker. He learned the trafficker had already moved the methamphetamine across the border into El Paso. He called Montoya's husband but, once again, spoke with Montoya. He arranged to meet Montoya outside the Cinemark Theater at the Cielo Vista Mall in El Paso. He did not find Montoya when he arrived at the theater; he met instead with co-defendant Argelia Avalos who delivered 977 grams of 99.4 per cent pure crystal methamphetamine in exchange for $6,500.

Law enforcement officers arrested Montoya in Denver, Colorado, on October 18, 2018. After waiving her constitutional rights, she claimed she sold drugs for her uncle to help her mother.

A grand jury in El Paso returned a five-count superseding indictment charging Montoya and others with conspiracy to possess with intent to distribute 500 grams or more of methamphetamine (Count One); possession with intent to distribute 500 grams or more of methamphetamine (Counts Two and Three); and conspiracy to import 500 grams or more of methamphetamine (Count Five). Superseding Indictment, ECF No. 94.

Montoya's appointed counsel, Miguel A. Villalba, successfully negotiated a plea agreement with the Government. Plea Agreement, ECF No. 156. Under its terms, Montoya agreed to plead guilty to Count Five of a superseding indictment in exchange for the Government's promise to move to dismiss the remaining counts and the original indictment. *Id*. at 1. She also waived the right to appeal the "conviction or sentence on any ground." *Id*. at 3. And she admitted that "she knowingly entered into a conspiracy with Nicholas Montoya, Argelia Avalos, and others, the object of which was the importation of a controlled substance from Mexico into the United States." *Id*. at 10.

The probation officer who prepared the presentence investigation report held Montoya accountable for 2,337.5 grams crystal methamphetamine, which resulted in a base offense level of 36. Presentence Investigation Report, ECF No. 182, ¶¶ 15, 22. He added two levels because she knew the methamphetamine was imported from Mexico and deducted three levels for acceptance of responsibility. *Id*. at ¶¶ 23, 29, 30. He determined, based upon a total offense level of 35 and a criminal history category of III, Montoya's advisory guideline imprisonment range was 210 months to 262 months. *Id*. at ¶ 64.

Montoya's counsel, Villalba, objected to the presentence investigation report. Obj., ECF No. 182-3. He asked for downward adjustments for "minor role" and "safety valve." *Id*.

The Court granted Montoya minor role and safety valve. Statement of Reasons, ECF No. 228. This resulted in a total offense level of 26 and a guideline sentencing range of 78 to 97 months' imprisonment. *Id.* The Court sentenced Montoya at the bottom of the range to 78 months' imprisonment. Am. J. Crim. Case, ECF No. 250.

Montoya now asserts, among other things, that her appointed counsel, Villalba, provided constitutionally ineffective assistance when he failed to file a notice of appeal. Mem. in Supp.,

ECF No. 253, p. 36–39. She claims she "wanted to appeal but Villalba, through his assistant, advised [her] that she would have to hire an attorney if she wanted to appeal." *Id.* at 36. She further claims after this conversation, Villalba "never answered [her] phone calls again." *Id*. She suggests Villalba did not inform her of her appellate rights. *Id*. at 38. She concludes "[a]s the record fails to conclusively establish that [she] did not instruct Villalba to file a notice of appeal, this court may grant [her] relief in the form of an out of time appeal . . ." *Id*. at 39. She asks the Court to "[v]acate her conviction and sentence to start anew." Mot. to Vacate, ECF No. 252, p. 11.

## APPLICABLE LAW

A § 2255 motion " 'provides the primary means of collateral attack on a federal sentence.' " *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors that occurred at trial or at sentencing. *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987). Before a court will grant relief, however, the movant must establish that (1) her "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). Ultimately, the movant bears the burden of establishing her claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)).

An ineffective-assistance-of-counsel claim presented in a § 2255 motion is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United*

*States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail, a movant must show (1) that her counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 689–94. "[C]ounsel's assistance is deficient if it falls 'below an objective standard of reasonableness.'" *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (quoting *Strickland*, 466 U.S. at 688). This means a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001). "[T]o prove prejudice, 'the defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Conley*, 349 F.3d at 841 (quoting *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). If the movant fails to prove one prong, it is not necessary to analyze the other. *See Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

## ANALYSIS

Montoya claims her counsel, Miguel A. Villalba, provided constitutionally ineffective assistance. Mem. in Supp., ECF No. 253, p. 36–39. She asserts, among other things, that Villalba refused to file a notice of appeal:

> Here, Montoya wanted to appeal but Villalba, through his assistant, advised Montoya that she would have to hire an attorney if she wanted to appeal. Montoya then asked if she could hire Villalba? Adriana told Montoya, "No, because Mr. Villalba was court appointed only. Mr. Villalba did not take any private clients." After this phone call and intention to appeal discussion, both Adriana and Villalba never answered Montoya's

phone calls again. Montoya even had a cousin call for her and was told the same thing that they were unable to help anymore since Mr. Villalba was no longer Montoya's attorney.

*Id.* at 36. She also suggests Villalba did not inform her of her appellate rights. *Id*. at 38.

"[C]ounsel is constitutionally required to fully inform the defendant as to his appellate rights." *White v. Johnson*, 180 F.3d 648, 652 (5th Cir. 1999). Moreover, "[t]he Constitution requires that 'the client be advised not only of his right to appeal, but also of the procedure and time limits involved and of his right to appointed counsel on appeal.' " *United States v. Faubion*, 19 F.3d 226, 231 (5th Cir. 1994) (quoting *Qualls v. United States*, 774 F.2d 850, 851–52 (7th Cir. 1985)). "[C]ounsel's failure to inform [a defendant] of the time limit for filing an appeal [is] objectively unreasonable." *United States v. Gipson*, 985 F.2d 212, 215 (5th Cir. 1993). Furthermore, the failure to file a requested notice of appeal is per se ineffective assistance of counsel, with or without a showing that the appeal would have merit. *Roe v. Flores-Ortega*, 528 U.S. 470, 483–86 (2000).

Assuming Montoya's allegations are true, her counsel's deficient performance deprived her of more than a fair judicial proceeding—it deprived her of an appellate proceeding altogether. She is entitled to relief.

The Court has " 'broad and flexible power . . . to fashion an appropriate remedy' " in a § 2255 proceeding. *United States v. Stitt*, 552 F.3d 345, 355 (4th Cir. 2008) (quoting *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997); *see also Andrews v. United States*, 373 U.S. 334, 339 (1963) ("a § 2255 proceeding can . . . be utilized to provide a . . . flexible remedy"); *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[W]e note the broad leeway . . . afforded district courts in the exercise of their § 2255 authority . . . because a district court's power under § 2255 'is derived from the equitable nature of habeas corpus relief.' ") (quoting *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997)).

Under the circumstances in this case, permitting Montoya to pursue an out-of-time appeal would

serve as an equitable and appropriate remedy.  *See Gipson*, 985 F.2d at 215 ("In the context of the loss of appellate rights, prejudice occurs where a defendant relies upon his attorney's unprofessional errors, resulting in the denial of his right to appeal."); *Childress v. Lynaugh*, 842 F.2d 768, 772 (5th Cir. 1988) ("Prejudice resulting from the denial of a defendant's right to appeal is presumed because a criminal conviction can be attacked on numerous grounds and thus, given the likelihood of prejudice, a case-by-case inquiry is not worth the cost.").

In the Fifth Circuit, "the procedure for granting an out-of-time direct criminal appeal is dismissing the § 2255 motion without prejudice."  *United States v. West*, 240 F.3d 456, 460 (5th Cir. 2001).  The sentencing court then reinstates the movant's judgment of conviction to reset the time of which his appeal should run.  *See United States v. Flores*, 442 F. App'x 123, 124 (5th Cir. 2011) ("Once the judgment is reentered, [Defendant]'s notice of appeal will be treated as if it was filed on the date of or after reentry."). This procedure remedies counsel's deficiency by providing a § 2255 movant with the opportunity to file a notice of appeal from the re-imposed sentence within the fourteen days mandated by Federal Rule of Appellate Procedure 4(b)(1)(A)(i).  *See West*, 240 F.3d at 459 (explaining the Fifth Circuit Court of Appeals sanctions this procedure, noting the distinction between the judicial and statutory remedy).

## CONCLUSION AND ORDERS

Accordingly, for the reasons discussed above, the Court enters the following orders:

**IT IS ORDERED** that Montoya's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 252) and cause number EP-20-CV-52-KC are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the "Amended Judgment in a Criminal Case" entered in cause number EP-18-CR-2867-KC-1 (ECF No. 250) is **VACATED** and **REINSTATED** as of the date a final

judgment is entered in the instant civil cause, **recommencing the fourteen-day period for filing a timely notice of appeal** set forth in Federal Rule of Appellate Procedure 4(b)(1)(A)(i).

**IT IS FURTHER ORDERED** that Montoya is **DENIED** a certificate of appealability concerning her § 2255 motion.[2]

**IT IS FURTHER ORDERED** that all pending motions in the above-numbered causes, if any, are **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **REFERRED** to United States Magistrate Judge Miguel A. Torres to determine whether Montoya is eligible for court-appointed counsel in accordance with 18 U.S.C. § 3006A and Federal Rule of Criminal Procedure 44. If Montoya is eligible, the Court **DIRECTS** Magistrate Judge Torres to appoint counsel for her direct appeal.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** the civil case, EP-20-CV-52-KC.

**SIGNED this 5th day of March, 2020.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[2] *See* 28 U.S.C. foll. § 2255 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").